USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
LAMAR BROWN, on behalf of himself and all : 
others similarly situated, : 23-CV-3750 (VEC)
 :
            Plaintiff, : ORDER
 :
        -against- :
 :
AMERICAN SPOON FOODS, INC., :
 :
            Defendant. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   WHEREAS on May 4, 2023, Plaintiff sued American Spoon Foods, Inc., alleging that its failure to make its website accessible to visually impaired persons violates the Americans with Disability Act ("ADA"), the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law, *see* Compl., Dkt. 1;

   WHEREAS the Court may raise the question of standing *sua sponte* because standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction, s*ee Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005);

   WHEREAS on August 8, 2023, the Court concluded that Plaintiff's allegations in his Complaint likely fail adequately to allege standing under *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022), *see* Order, Dkt. 7;

   WHEREAS the Court therefore ordered Plaintiff to show cause why the case should not be dismissed for lack of standing not later than August 15, 2023, *see id.*;

1

WHEREAS on August 18, 2023, in light of Plaintiff's failure timely to respond or request an extension to respond to the Court's order, the Court *sua sponte* extended Plaintiff's deadline to respond, or show cause why the case should not be dismissed for failure to prosecute, until August 23, 2023, *see* Order, Dkt. 8;

WHEREAS a district court may dismiss an action *sua sponte* "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order," Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); and

WHEREAS to date, Plaintiff has not responded to the Court's August 8, 2023 or August 18, 2023 Orders;

IT IS HEREBY ORDERED that this case is DISMISSED without prejudice for lack of standing and for failure to prosecute.  The Complaint alleges that Plaintiff made "numerous attempts" to purchase "strawberry jam" on Defendant's website, and that he "intends to visit" the website "in the future in order to make additional potential purchases of a fruit butter and other products" because he "enjoys the various jams and preserves" on Defendant's website.  *See* Compl. ¶¶ 10, 36–37.  Such "vague assertions" are insufficient to allege standing because Plaintiff "fail[s] to provide *any* details" about his interaction with Defendant's website such as the frequency of his visits, the items he intended to purchase on each occasion, why he sought to purchase them from Defendant in particular, or the unique items he would like to purchase from Defendant in the future.  *Calcano*, 36 F.4th at 76–77; *see also Tavarez-Vargas v. Annie's Publ'n, LLC*, No. 21-CV-9862 (AT), 2023 WL 2499966, at *2 (S.D.N.Y. Mar. 14, 2023) (dismissing a website ADA case for lack of standing because the amended complaint "contain[ed] bare, conclusory statements" and lacked factual allegations that would allow the court to infer that the plaintiff "intend[ed] to return to [the] [d]efendant's website"); *Lopez v. Peapod, LLC*, No. 19-

CV-9906 (KPF), 2021 WL 1108559, at *4–5 (S.D.N.Y. Mar. 23, 2021) (same). Plaintiff's repeated failure to respond to Court orders independently warrants dismissal for failure to prosecute. *See Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing for failure to prosecute because the plaintiff was unresponsive despite warnings that the case could be dismissed).

The Clerk of Court is respectfully directed to close all open motions and to close the case.

**SO ORDERED.**

**Date: August 29, 2023**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**